IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re:    **Rais Uddin** | ) | 23 B 08514 |
| **Bijal A Brahmbhatt** | ) | |
| Debtor(s), | ) | Judge A. Benjamin Goldgar |
| | ) | |

*Notice of Filing / Certificate of Service*

Rais Uddin
Bijal A Brahmbhatt
1128 Aimtree Pl
Schaumburg, IL 60194

Justin Storer
Via ECF service

    The undersigned certifies that a copy of the foregoing Objection to Confirmation of Debtors' Plan was served to the above listed persons by placing a copy of same in the U.S. mail, first class postage prepaid and/or as addressed and indicated above on January 9, 2024.

/s/ O. Anthony Olivadoti
for Marilyn O. Marshall, Trustee

Office of the Chapter 13 Trustee
Marilyn O. Marshall
224 S. Michigan Ave.
Suite 800
Chicago, IL 60604
(312) 431-1300

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| **In re:** **Rais Uddin** | ) | 23 B 08514 |
| **Bijal A Brahmbhatt** | ) | |
| Debtor(s), | ) | **Judge A. Benjamin Goldgar** |
| | ) | |

*Objection to Confirmation of Debtors' Plan*

COMES NOW Marilyn O. Marshall, Standing Trustee, pursuant to Section 1325 of the Bankruptcy Code objects to confirmation of debtors' plan and asks that confirmation be denied, and in support states as follows:

**Background**

1. Debtors filed this petition for relief under Chapter 13 of 11 USC on June 28, 2023.

2. This is a core proceeding under 28 USC §157.

3. Rais Uddin owns and operates a business, Ridania Collections Inc. (Ridania) and is the 100% owner of the business stock.

4. This Chapter 13 case is the debtors' second attempt at filing Chapter 13.

5. The debtors first filed Chapter 13 in case 22-08487 on July 28, 2022.

6. The debtors' Schedule B in case 22-08487 lists among the debtors' assets:

    Business Equipment of Ridania Collections Inc, valued at $25,000.00

    Inventory of "Ridania Collections Inc," valued at $150,000.00

7. The Schedule I filed in case 22-08487 disclosed monthly net income for Rais from Ridania in the amount of $3,101.00.

8. In case 22-08487 the debtors' last plan was filed on July 28, 2022 and proposed plan payments of $1,095.00 for 36 months to pay all creditors in full and included interest to General Unsecured creditors due to the "chapter 7 liquidation" amount being $223,063.00.

2

9. The debtors were unable to propose a feasible plan and the case was dismissed on May 17, 2023.

10. Debtors filed the present case a little over one month later.

11. The debtors' Schedule B in the current case lists among the debtors' assets:

    Ridania Collections Inc (Ridiana), valued at $0.00, which includes inventory of approximately $40,000.00.

12. The Schedule I filed in this case discloses monthly net income for Rais from Ridania in the amount of $0.00, and $550.00 monthly pro ration for future tax refunds.

13. In the present case the debtors' last plan, filed September 11, 2023, proposes monthly plan payments of $750.00 for 10 months followed by plan payments of $1150.00 for 50 months.

14. Debtors' plan in this case proposes to pay General Unsecured creditors 38% of their claims or $25,403.00 as the debtor now relies on a "chapter 7 liquidation" value of $20,000.00.

15. The General Unsecured debts in this case total approximately $66,178.00.

## Chapter 7 Liquidation Test

16. Pursuant to 11 USC § 1325(a)(4), "the court shall confirm a plan if – the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title…"

17. The Trustee was provided what is purported to be Ridania's S Corp tax return for 2022.

18. The Ridania 2022 tax return indicates the following information:

| | |
|---|---|
| Gross Sales | $17,287.00 |
| Cost of Goods sold | $4,700.00 |
| Business loss | $18,368.00 |
| Cash Beginning of tax year (BOTY) | $17,229.00 |
| Cash End of tax year (EOTY) | $15,604.00 |
| Inventories Beginning of tax year | $150,608.00 |
| Inventories End of tax year | $145,908.00 |
| Other current assets Beginning of tax year | $19,000.00 |
| Other current assets End of tax year | $19,000.00 |
| Buildings and other depreciable assets (BOTY) | $15,484.00 |
| Buildings and other depreciable assets (EOTY) | $15,484.00 |
| Loans from shareholders Beginning of tax year | $205,157.00 |
| Loans from shareholders End of tax year | $217,465.00 |

19. The debtor bears the burden of complying with the confirmation requirements of §1325. (See *In re Smith*, 286 F.3d 461 (7th Cir. 2002))

20. The Trustee has asked for any evidence, other than the debtors sworn statements, to substantiate the values for the assets listed in the debtors' current schedules and business tax return and has received none.

21. The debtors have failed to provide the Trustee evidence to show how or where the dissipation of Ridania's inventory, valued at over $100,000.00 at the end of 2022 happened.

22. The debtors are unable to provide the Trustee with evidence of the $217,465.00 in shareholder loans the debtors claim are owed to Ridania.

23. The debtors have not provided documentation to substantiate the values of the assets held by Ridania as of the date of the filing of this case nor the "loans" to that were indicated in debtors' "Declaration Concerning Business Liabilities."

24. Debtors have a duty to maintain business records.

25. The debtors list of assets and their values in this case differ substantially from the values disclosed in the debtors' prior case.

26. Both sets of schedules in this case and debtors' prior case were signed under the penalty of perjury.

27. Debtors asset valuation in the two cases serially filed not only conflict themselves, they conflict with the tax information provided by Ridania as well.

28. Debtors have provided conflicting statements, schedules and tax returns with no corroborating evidence to support they claim of a lack of equity in the debtors' business.

29. Debtors have failed to show, with evidence other than the debtors conflicting statements, that unsecured creditors would get less than they would in a chapter 7 liquidation case.

**Plan Feasibility**

30. Debtors' Schedule I in this case suggests that the debtors will receive future pro rated tax refunds as monthly income.

31. The debtors are receiving substantial yearly tax refunds because they are claiming substantial business losses.

32. In 2021 the debtors claimed yearly business losses totaling $19,218.00 to generate a tax refund of $8,193.00.

33. In 2022 the debtors claimed yearly business losses totaling $18,368.00 to generate a tax refund of $7,612.00.

34. Pursuant to 11 USC § 1325(a)(6), the debtors have the burden to show "that the debtor will be able to make all payments under the plan and to comply with the plan."

35. According to the latest position taken by the debtors as suggested by their Schedule I, the debtors would have to continue to lose significant amounts of money on Ridania, from the limited inventory they claim is held by Ridania, so that they can generate significant tax refunds, enough to make their budget feasible so that they can make their proposed plan payments.

36. This business model is not sustainable and wastes what assets Ridania still has to the detriment of the debtors' estate.

37. The debtor have not shown how they will continue to receive large tax refunds on a failing business with little inventory.

WHEREFORE, Trustee requests that this Court deny confirmation of debtors' proposed plan, and for any other relief this Court deems appropriate.

/s/ O. Anthony Olivadoti  
For Marilyn O. Marshall, Trustee

Office of the Chapter 13 Trustee  
Marilyn O. Marshall  
224 S. Michigan Ave.  
Suite 800  
Chicago, IL 60604  
(312) 431-1300